JUDGE ABRAMS 

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
DENNIS MATTIAS,

        Plaintiff,

      **COMPLAINT**

  -against-

THE CITY OF NEW YORK, P.O. O'BRIEN (tax#950966),
P.O. URENA (tax#951358), JOHN AND JANE
DOES, 1-10, ET AL.,

        Defendants.

-------------------------------------------------------------X



  Plaintiff DENNIS MATTIAS by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

  1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

  2. The action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of Kings, City and State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendants O'Brien, Urena and John Does are officers who acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9. On October 8, 2013, plaintiff had a contract with the New York City Housing Authority (NYCHA), to perform inspection work on the Upper East Side of Manhattan.

10. As part of his duties, plaintiff arrived at 419 East 93rd street to conduct an inspection on the roof.

11. While he was on the roof, plaintiff observed defendants O'Brien and Urena on a roof of an adjacent building.

12. Plaintiff and defendants acknowledged each other's presence and waived at each other.

13. After plaintiff had completed the inspection on the roof at 419 east 93rd street, he walked down the stairs doing his work.

14. When plaintiff arrived downstairs, he was to begin inspection in another building.

15. Plaintiff encountered the same two defendants who were also downstairs of 419 east 93rd street. Defendants merely observed plaintiff and did not say anything.

16. As plaintiff started to walk towards the next building, defendant O'Brien came out of nowhere and jumped on plaintiff.

17. Plaintiff was shocked by this behavior and was wondering what he had done wrong.

18. Defendant O'Brien grabbed plaintiff and put him up against a fence by the building and hand-cuffed plaintiff.

19. Plaintiff was confused and offered both defendants the opportunity to show his identification and his work papers from the NYCHA.

20. However, defendant O'Brien refused to accept it and instead grabbed plaintiff by his ankles and yanked him off the ground, forcing plaintiff to fall face first onto the pavement.

21. Additional officers (defendants John and Jane Does) arrived on the scene and although they witnessed O'Brien stomping on the handcuffed plaintiff's face with his knees and feet, they did nothing to stop O'Brien's actions.

22. However defendant John Does and Urena failed to intervene to prevent further injuries to plaintiff.

23. Defendant O'Brien thereafter directed defendant Urena to become the arresting officer. Defendant Urena expressed reluctance to be listed as the arresting officer to a John Doe defendant sergeant and informed him that "O'Brien was wrong and he always does this and makes me the AO."

24. Plaintiff was charged on the false charges of trespassing and spent over 24 hours in jail.

25. After plaintiff was released from jail, he went to the hospital and sought further treatment.

26. As a result of this incident, plaintiff lost his employment with the NYCHA and suffered economic injuries.

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force)

27. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. There was no reason for the excessive or the type of force used on plaintiff.

29. As a result of the aforementioned conduct of Defendant O'Brien, Plaintiff's constitutional right to be free from the excessive and unreasonable use of force was violated and he sustained physical injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest-Fourth Amendment)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

32. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical, economic and emotional injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The Defendants' conduct herein was an abuse of executive power so

35. clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

36. As a result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein. The defendant City's lack of training for defendants and having a de facto policy to arrest individuals for "trespassing" when these individuals have a legitimate reason to be present at the vicinity of the buildings resulted in violation of plaintiff's civil rights.

40. This de facto policy has been subject to numerous lawsuits and was subject to a judgment against the City on behalf of class plaintiffs by a recent decision by the SDNY.

41. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

42. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45. Defendant NYPD officers saw one of their fellow police officer assault and batter plaintiff.

46. Despite being able to, the NYPD defendant officers failed to intervene to prevent further injuries to plaintiff.

47. As a result of the NYPD officers' failure to intervene, plaintiff suffered physical and emotional injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 15, 2014

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Robert Blossner, Esq. (RB0526)
Vik Pawar, Esq. (VP9101)
*Attorneys for Plaintiff*